# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DEANDRE CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-6211 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| WEXFORD HEALTH SOURCES, INC. | ) | |
| and DR. ANN DAVIS-HUNDLEY, | ) | Magistrate Judge Jeffery T. Gilbert |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff DeAndre Crawford, by and through his attorneys, complains against defendants Wexford Health Sources, Inc. and Dr. Ann Davis-Hundley as follows:

## NATURE OF THE ACTION

1. For years, inmate DeAndre Crawford ("Crawford") has suffered from acute pain in his abdomen and testicles. Despite repeatedly bringing his pain and related symptoms to the attention of medical staff at Stateville Correctional Center, his condition remains unresolved and untreated. Crawford now brings this action for damages and injunctive relief against Wexford Health Sources, Inc. ("Wexford") and physician Dr. Ann Davis-Hundley ("Dr. Davis-Hundley") in order to remedy their deliberate indifference to his serious medical need.

## PARTIES

2. DeAndre Crawford is an inmate at Stateville Correctional Center, which is located near Joliet, Illinois.

3. Wexford Health Sources, Inc. is a for-profit corporation incorporated in the State of Florida with a principal place of business in Pittsburg, Pennsylvania.

4. Dr. Ann Davis-Hundley is an individual residing in the State of Illinois.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it arises under the Eighth Amendment to the Constitution and 42 U.S.C. § 1983. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1343(a)(3) because it is being brought to redress the deprivation, under color of State law, of a right secured by the Eighth Amendment to the Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

7. Crawford has been incarcerated since July 2012 at Stateville Correctional Center, an Illinois Department of Corrections ("IDOC") prison facility.

8. Wexford has a $1.36 billion contract with the State of Illinois to provide medical services to IDOC facilities, including Stateville Correctional Center. As a for-profit corporation, Wexford has an economic incentive to provide low cost treatment to inmates at IDOC facilities in order to maximize its return from the contract. On information and belief, Wexford's policies, practices, and/or procedures reflect this objective.

9. Since January 2013, Crawford has suffered from untreated acute pain in his abdomen and testicles and related symptoms.

10. On or about March 30, 2013, Crawford told Wexford medical staff that he had been experiencing sharp pains in his abdomen and testicles since approximately January 2013. In response to Crawford's concerns, a Wexford nurse referred Crawford to a Wexford physician for evaluation and treatment.

11. On information and belief, Dr. Davis-Hundley was the Wexford physician to whom Crawford was referred. Despite this referral for medical treatment, Crawford was not seen by Dr. Davis-Hundley or any other physician for over a month.

12. On or about May 14, 2013, Crawford was seen by Dr. Davis-Hundley. Despite Crawford's previous complaints about abdominal and testicular pain and related symptoms, Dr. Davis-Hundley did not provide any medical treatment for Crawford's condition.

13. On or about June 25, 2013, Crawford once again complained to a Wexford nurse about the continuing pain in his abdomen and testicles. Crawford told the nurse that he had been suffering pain since January 2013 and described it as a "stabbing" sensation. The nurse referred Crawford to Wexford physician Dr. Davis-Hundley for treatment the next day.

14. Crawford did not receive medical treatment from Dr. Davis-Hundley. Instead, on or around June 26, 2013, Crawford was seen by a Wexford physician assistant. Crawford told the physician assistant that he was suffering from pain in his abdomen and testicles and had frequent and difficult urination. The physician assistant prescribed a medication for high blood pressure and ordered urinalysis and prostate-specific antigen tests. Upon information and belief, Crawford never received the prostate-specific antigen test.

15. On or around August 1, 2013, Crawford was seen again by a Wexford physician assistant. Crawford told the physician assistant that his abdominal and testicular pain and related symptoms were only slightly improved. The physician assistant increased the medication dosage and told Crawford that he would be seen for a follow up in three weeks.

16. On or around August 17, 2013, Crawford was seen by Dr. Davis-Hundley. Despite Crawford's complaints of ongoing abdominal and testicular pain and related symptoms, Dr. Davis-Hundley did not provide any medical treatment for Crawford's condition.

17. Between August 2013 and September 2013, Wexford medical staff did not provide Crawford with medical treatment due to "lockdowns" at Stateville Correctional Center.

18. Between September 2013 and January 2014, Wexford medical staff ignored "sick call" requests for medical treatment that Crawford submitted on or about: September 17, 2013; September 26, 2013; October 10, 2013; October 19, 2013; October 24, 2013; November 5, 2013; November 14, 2013; November 23, 2013; December 8, 2013; December 17, 2013; December 24, 2013; December 31, 2013; January 5, 2014; and January 9, 2014.

19. On or around January 13, 2014, Crawford finally was seen by a Wexford nurse. Crawford complained once again about ongoing pain in his abdomen and testicles, describing it as a "10/10" at its worst. Crawford also advised he was still suffering from difficult urination. The nurse told Crawford he would be scheduled for an appointment with a Wexford physician.

20. On or around January 16, 2014, Crawford was seen by another Wexford nurse. Crawford complained once again about ongoing pain in his abdomen and testicles, describing it as "all the time, never ends." The nurse told Crawford that he had an appointment with a Wexford physician on January 21, 2014. However, Crawford did not see a physician that day.

21. On or around January 24, 2014, Crawford was seen again by Dr. Davis-Hundley. Once again, despite Crawford's complaints of ongoing abdominal and testicular pain and related symptoms, Dr. Davis-Hundley did not provide any medical treatment for Crawford's condition.

22. On or about January 26, 2014, Crawford submitted an emergency grievance regarding the lack of medical treatment he was receiving. On or about February 19, 2014, the grievance was denied by the Chief Administrative Officer. Crawford appealed the denial of his grievance in writing to the Administrative Review Board, which declined to review it.

23. On or about April 11, 2014, Crawford submitted another grievance regarding the lack of medical treatment he was receiving. In response to the grievance, prison officials led Crawford to believe that no further action on the grievance was required on his part. However, no action was taken in response to Crawford's request for medical treatment.

24. Illinois Administrative Code § 504.860 provides: "Records regarding the filing and disposition of grievances shall be maintained in the offender's master file." The grievances that Crawford filed on or about January 26, 2014 and April 11, 2014 and dispositions thereof are not contained in Crawford's master file.

25. Crawford continues to experience acute abdominal and testicular pain and related symptoms as a result of defendants' failure to provide adequate medical treatment.

## COUNT I
### (Against Wexford Health Sources, Inc.)

26. Crawford re-alleges paragraphs 1 through 25.

27. Crawford has a right under the Eighth Amendment to receive adequate medical treatment while incarcerated at Stateville Correctional Center.

28. Crawford's pain in his abdomen and testicles and related symptoms constitute a serious medical need.

29. Wexford is the medical services provider for Stateville Correctional Center.

30. At all times relevant to this action, Wexford was acting under color of State law.

31. As the medical services provider for Stateville Correctional Center, Wexford has the authority to dictate under what circumstances inmates will receive medical treatment.

32. On information and belief, Wexford has a policy, practice, and/or procedure of not providing medical treatment to inmates during lockdowns at Stateville Correctional Center.

33. On information and belief, Wexford has a policy, practice, and/or procedure of denying and/or delaying access to physicians in favor of lower cost medical technicians with less skill and experience, and denying and/or delaying diagnoses and medical treatment.

34. Wexford's policy, practice, and/or procedure of not providing medical treatment to inmates during lockdowns constitutes deliberate indifference to the serious medical needs of inmates at Stateville Correctional Center.

35. Wexford's policy, practice, and/or procedure of denying and/or limiting inmates' access to physicians and denying and/or delaying diagnoses and medical treatment constitutes deliberate indifference to the serious medical needs of inmates at Stateville Correctional Center.

36. Crawford has been harmed as an actual and proximate result of Wexford's policy, practice, and/or procedure of not providing medical treatment to inmates during lockdowns at Stateville Correctional Center.

37. Crawford has been harmed as an actual and proximate result of Wexford's policy, practice, and/or procedure of denying and/or limiting inmates' access to physicians and denying and/or delaying diagnoses and medical treatment.

**COUNT II**
**(Against Dr. Ann Davis-Hundley)**

38. Crawford re-alleges paragraphs 1 through 25.

39. Crawford has a right under the Eighth Amendment to receive adequate medical treatment while incarcerated at Stateville Correctional Center.

40. Crawford's pain in his abdomen and testicles and related symptoms constitute a serious medical need.

41. At all times relevant to this action, Dr. Davis-Hundley was acting under color of State law.

42. Dr. Davis-Hundley knew or should have known that Crawford's serious medical need presented a substantial risk of serious harm to his health.

43. By failing to provide adequate medical treatment to Crawford, Dr. Davis-Hundley acted with deliberate indifference to a serious medical need.

44. Crawford has been harmed as an actual and proximate result of Dr. Davis-Hundley's failure to provide adequate medical treatment.

## RELIEF REQUESTED

WHEREFORE, plaintiff DeAndre Crawford prays for judgment as follows:

(a) An order directing defendants to provide Crawford with adequate medical treatment for his abdominal and testicular pain and related symptoms, including but not limited to treatment by a medical specialist;

(b) Damages sufficient to compensate Crawford for pain and suffering caused by defendants' deliberate indifference to his serious medical need;

(c) Punitive damages;

(d) Attorney's fees; and

(e) Interest, costs, and such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff DeAndre Crawford requests a trial by jury.

Dated: July 23, 2015　　　　　　　　　　　　　DEANDRE CRAWFORD

　　　　　　　　　　　　　　　　　　　　　　By:　/s/ David M. Friebus
David M. Friebus　　　　　　　　　　　　　　　　One of his Attorneys
Erin L. Brechtelsbauer
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, Illinois 60606
(312) 416-6200
dfriebus@bakerlaw.com
ebrechtelsbauer@bakerlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused the foregoing **Amended Complaint** to be filed electronically on July 23, 2015. Notice of this filing will be sent to all parties registered on this Court's ECF system by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

          /s/ David M. Friebus